UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| J. DANIEL GERSTEN, *et al.*, | : | Case No. 1:14-cv-8 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| BANK OF AMERICA, N.A., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS (Doc. 18)**

This civil action is before the Court on Defendants' motion for judgment on the

pleadings (Doc. 18)[1] and the parties' responsive memoranda (Docs. 21, 28).[2]

## I.    BACKGROUND FACTS

Plaintiffs, Mr. and Mrs. Gersten, seek damages for injuries allegedly caused by a

wrongful foreclosure action.

Defendant Bank of America ("BOA") assigned Plaintiffs' note and mortgage to

U.S. Bank.  (Doc. 30 at ¶ 29).  The assignment occurred simultaneously with BOA's

attempt to complete a loan modification with the Gerstens.  (Doc. 18-1 at 2).

---

[1] Defendants include: Bank of America, N.A.; U.S. Bank, N.A.; The Law Offices of John D.
Clunk Co., L.P.A.; and James A. Tully, Esq.

[2] The motion for judgment on the pleadings is now moot as to Counts II through XI as a result of
Plaintiff's subsequent amended complaint.  (Doc. 30).  However, the amended complaint did not
substantively revise the FDCPA claim (Count I) (Doc. 31-1 at 1), and, accordingly, the motion is
before the Court on Count I.

When the loan was assigned to U.S. Bank, Defendants the Law Offices of John D. Clunk Co., L.P.A. and James A. Tully, Esq. (collectively "the Clunk Law Firm"), executed foreclosure proceedings on behalf of its client, U.S. Bank, on January 5, 2013. (*Id.*)

### A.  The Mortgage

In April 2005, the Gerstens executed a mortgage with Countrywide Home Loans, Inc.  (Doc. 30 at ¶ 19).  The loan was secured by the residence located at 5175 Rollman Estates Drive, Cincinnati, Ohio ("the Property").  (*Id.* at ¶ 15).  In 2008, BOA  purchased Countrywide.  (*Id.* at ¶ 24).  Thereafter, BOA began servicing the Gerstens' note and mortgage.  (*Id.*)  The note accompanying the mortgage bore an interest rate of 6.125% on the original principal of $400,000.00.  (*Id.* at ¶ 22).  As of January 2012, the monthly payment amount was $4,118.19.  (*Id.* at ¶ 23).

### B.  HAMP Loan Modification

In 2011, the Gerstens defaulted on their mortgage.  (Doc. 30 at ¶ 26).   By January 2012, the Gerstens had repaid the amount owed, brought their loan current, and BOA had reinstated the mortgage.  (*Id.*)  Following the reinstatement, the Gerstens pursued a mortgage modification under the Home Affordable Modification Program ("HAMP"). (*Id.* at ¶ 27).

Under the Modification Agreement, the interest rate on the outstanding principal balance due under the note would be reduced to 3.125% beginning on July 1, 2012 and would rise to 3.750% on July 1, 2017.  (Doc. 30 at ¶ 41).  The Modification Agreement

2

provided that the new monthly payment would be $3,248.36. (*Id.* at ¶ 42). The Gerstens were approved for a HAMP trial period in February 2012, and received final approval on June 6, 2012, after the successful completion of the trial period. (*Id.* at ¶ 39).

The Gerstens signed the agreement that memorialized the final approval on June 14, 2012 and promptly returned it to BOA. (Doc. 30 at ¶ 46). As instructed, the Gerstens postponed their first payment under the Modification Agreement until August 1, 2012. (*Id.* at ¶ 48). On August 6, 2012, BOA notified the Gerstens that their loan was in default and required four months of payments to return their loan to current status. (*Id.* at ¶ 50). Subsequently, BOA cashed and then refunded the Gerstens' August payment, indicating that partial payments (as determined by the original mortgage) would not be accepted. (*Id.* at ¶ 60). The Gerstens continued to communicate with BOA to correct the errors and finalize the Modification Agreement, while continuing to make the modified payments each month, per the instructions provided by the BOA representatives. (*Id.* at ¶ 62). BOA continued its practice of refunding the payments through December 2012. (*Id.* at ¶ 60). Thereafter, BOA began refusing and returning the monthly checks without processing them. (*Id.* at ¶ 66).

The relevant parts of the Modification Agreement state that the Gerstens must "sign and return two copies of this Agreement to the Lender, the Lender will send [the Gerstens] a signed copy of this Agreement" and that the Gerstens understand that "the Loan Documents will not be modified until (i) the Lender accepts this Agreement by signing and returning a copy of it to [the Gerstens]." (Doc. 30, Ex. F at 74-75). The

3

Gerstens inadvertently signed the signature block for BOA and the loan servicer, making the original copy of the Modification Agreement invalid.  (*Id.* at ¶ 58).  The Gerstens received a new copy of the Modification Agreement on December 31, 2012, which was identical to the one that they had signed in June, and they signed and returned it the same day.  (*Id.* at ¶ 65).

### C. The Claim

The motion for judgment on the pleadings now concerns only the first count of the amended complaint, under the Fair Debt Collection Practices Act ("FDCPA"), as it applies to the Clunk Law Firm.  (Doc. 30 at ¶ 109).

In the Foreclosure Complaint, U.S. Bank asserted that the Gerstens entered into the Modification Agreement, modifying the loan and interest rate as described above. (Doc. 30 at ¶ 70).  However, the Foreclosure Complaint alleged that the Gerstens' loan was in default, calculated the accelerated payment based on the unmodified, original loan interest rate, and alleged default during the months that payments were made based on the Modification Agreement.  (*Id.* at ¶ 69).

The Gerstens listed the Property for sale on May 20, 2013 for $575,000.00. (Doc. 30 at ¶ 83).  The asking price was below market value, and below what the Gerstens believed the Property was worth, but they needed to obtain a quick sale to mitigate their damages and end the foreclosure.  (*Id.*)  Four days after listing the property, on May 24, 2013, the Gerstens received two offers on the Property, including one for $580,000.00.  (*Id.* at ¶ 84).  They accepted this offer.  (*Id.*)  Thereafter, counsel for the

4

Gerstens requested a payoff for closing from the Clunk Law Firm. (*Id.* at ¶ 89). The Clunk Law Firm sent an email to the Gerstens' counsel with a payoff dated June 13, 2013 that calculated the amount of interest due from May 1, 2012 based on the 6.125% rate and included late charges and fees which BOA was not entitled to collect under the terms of the Note and Mortgage as modified. (*Id.* at ¶ 90-91).

On June 26, 2013, the Gerstens received a copy of the Modification Agreement with a new signature page signed by an attorney-in-fact on behalf of BOA and the loan servicers. (Doc. 30 at ¶ 93). This was the same Modification Agreement the Gerstens had signed on June 14, 2012. (*Id.*) The Property sale was completed on July 19, 2013 for $550,000 (adjustments were made based on the inspection results). The Gerstens paid off the loan in order to deliver clear title at the closing based on the payoffs from the Clunk Law Firm dated June 13, 2013 and July 15, 2013. (*Id.* at ¶ 99). In August 2013, the Clunk Law Firm, on behalf of U.S. Bank, dismissed the foreclosure action without prejudice. (*Id.* at ¶ 102).

## II.    STANDARD OF REVIEW

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (*citing JPMorgan Chase*

*Bank v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).

## III.    ANALYSIS

### A. Interpretation of FDCPA

The FDCPA "generally prohibits a debt collector from using false, deceptive or misleading representation or means in connection with the collection of a debt." *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F. Supp. 2d 914, 925 (N.D. Ohio 2009). The FDCPA provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>> (2) The false representation of -
>>
>>> (A)  the character, amount, or legal status of any debt; or . . .
>>
>> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken . . .
>>
>> (10) The use of any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e (2012).

The Supreme Court has determined that "litigation activities" fall under the FDCPA.  *See Hartman v. Asset Acceptance Corp.*, 467 F. Supp. 2d 769, 777 (S.D. Ohio 2004) (*citing Heintz v. Jenkins*, 514 U.S. 291 (1995) (the state litigation privilege does not bar a claim under the FDCPA for violations alleged in an affidavit filed in state court)).

6

### B. *Prima Facie* Case

To establish a *prima facie* violation of the FDCPA, a plaintiff must prove: (1) that he is either a natural person who is harmed by the FDCPA violation or is a "consumer;"[3] (2) that his debt arose out of personal or family needs; (3) that the defendant is a "debt collector;"[4] and (4) that the debt collector has violated a provision of the FDCPA. *Whittiker*, 605 F. Supp. 2d at 938-39.  Neither party disputes that the Gerstens are consumers, that they purchased the Property for their family's residential purposes, or that the Clunk Law Firm is a debt collector as defined in 15 U.S.C. § 1692a.  (Doc. 21 at 8).  The only disputed fact is whether the Clunk Law Firm violated the FDCPA.

The Clunk Law Firm argues that a law firm cannot be liable for statements made in the course of its legal actions.  (Doc. 18-1 at 14-22).  However, "[l]awyers who meet the general definition of a 'debt collector' must comply with the FDCPA when engaged in a mortgage foreclosure."  *Mellentine v. Ameriquest Mortg. Co*., 515 F. App'x 419, 423 (6th Cir. 2013).  Here, the Clunk Law Firm is a debt collector and also engaged in the foreclosure proceedings on behalf of its client.  Therefore, it can be held liable under the FDCPA.

---

[3] "The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3).

[4] A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a.

### 1. Incorrect representation

"The Sixth Circuit has […] suggested […] that an 'incorrect' representation in a collection letter is sufficient under section 1692e(2) to withstand a motion to dismiss, without discussing its deceptive or misleading character." *Hartman v. Asset Acceptance Corp.*, 467 F. Supp. 2d 769, 779 (S.D. Ohio 2004) (*citing Savage v. Hatcher,* 109 F. App'x 759 (6th Cir. 2004)).

Here, the Clunk Law Firm asserted in the Foreclosure Complaint that the bank and the Gerstens entered into the Modification Agreement on July 1, 2012. (Doc. 21 at 10). However, the foreclosure action was entirely based on the terms of the original, unmodified loan. (*Id.*) The Clunk Law Firm proceeded with the foreclosure action even after its client had resolved the mortgage modification in its favor. (*Id.* at 15).[5] Accordingly, Plaintiffs alleged sufficient facts to claim that the Clunk Law Firm's Foreclosure Complaint falsely represented both the amount and the legal status of their loan.

### 2. Deceptive notice

A collection notice can be deceptive "if [it] is open to more than one reasonable interpretation, at least one of which is inaccurate." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 441 (6th Cir. 2008) (*citing Clomon v. Jackson*, 988 F.2d

---

[5] Although, the Court acknowledges the "bona fide error" defense, it is not properly before the Court at this stage of the proceedings. 15 U.S.C. § 1692(k)(c). "A debt collector may not be held liable in any action brought under this title [15 USCS §§ 1692 *et seq.*] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692(k)(c).

1314, 1319 (2d Cir. 1993)).  In *Kistner*, the court adopted the "more than one reasonable interpretation" standard, finding that whether a collection letter is deceptive because it "is susceptible to a belief that it is from an attorney" is a factual dispute for the jury.  518 F.3d at 442.[6]

The Foreclosure Complaint and the foreclosure proceedings cannot be simultaneously based upon the original mortgage and the modified loan.  (Doc. 21 at 10). Accordingly, there is an issue of fact as to whether the Clunk Law Firm violated the FDCPA through a deceptive Foreclosure Complaint.

### 3.  *Least sophisticated consumer test*

"The Court must evaluate the defendant's conduct under the 'least sophisticated consumer' test, and objectively determine whether that consumer would be misled by the defendant's statement."  *Hartman*, 467 F. Supp. 2d at 774 (*citing Smith v. Transworld Sys., Inc.,* 953 F.2d 1025, 1029 (6th Cir. 1992)).  The test examines "whether there is a reasonable likelihood that an unsophisticated consumer who is willing to consider carefully the contents of a communication might yet be misled by them."  *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 172 (6th Cir. 2011) (*citing Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009)).

Here, deceptive statements regarding the default itself, the amount owed, and the legal status of the loan form the basis of the Foreclosure Complaint.  (Doc. 21 at 11).

---

[6] Foreclosure complaints are evaluated in the same way as other debt collection activities under § 1692.  *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323 (6th Cir. 2012).  *See also Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 464 (6th Cir. 2013) ("[W]e hold that mortgage foreclosure is debt collection under the Act.").

Therefore, Plaintiff has alleged sufficient facts to maintain a *prima facie* case that the

Clunk Law Firm violated the FDCPA.

### IV.   CONCLUSION

Accordingly, for these reasons, Defendants' motion for judgment on the pleadings

(Doc. 18) is **DENIED**.

**IT IS SO ORDERED**.

Date:  7/23/14                                                        s/*Timothy S. Black*
                                                                         Timothy S. Black
                                                                         United States District Judge